FILED & ENTERED

MAY 24 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>BRENNON TY BISHOP and MICHELLE BISHOP,<br><br>　　　　　Debtors. | Case No. 2:12-bk-16000-RK<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-01302-RK |
| ELECTRONIC FUNDS SOLUTIONS, LLC, as successor-in-interest to RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FEDCHEX, LLC; FEDCHEX RECOVERY, LLC; ED ARNOLD; RODNEY DAVIS; FEDCHEX MERCHANT SERVICES; FEDCHEX/DS GROUP; YELLOW PAGES DIRECTORY SERVICES, LLC; YELLOW PAGES 2000, INC.; BSYB, INC.; NICHE DIRECTORIES, LLC; CONVERGENTDS, LLC; DIRECT VISION; DS MARKETING; YK2000; iEXCHANGE,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO SUBSTITUTE PARTY DUE TO TRANSFER OF INTEREST** |

　　　Pending before the court is the motion of the remaining defendants in this adversary proceeding, FedChex, LLC ("FedChex"), FedChex Recovery, LLC ("FedChex

Recovery"), Ed Arnold ("Arnold"), Rodney Davis ("Davis) (collectively, "Defendants"), to substitute party due to transfer of interest ("Motion"). ECF 554. Plaintiff Electronic Funds Solutions ("EFS") filed an opposition to the Motion, ECF 566, and Defendants filed a reply thereto, ECF 568.

On December 1, 2014, at the initial hearing on the Motion, the court determined that the Motion would be treated as a contested matter under Federal Rule of Bankruptcy Procedure 9014. The court then set a status conference on the matter, which was continued from time to time to allow the parties to engage in mediation and settlement discussions, to allow Plaintiff's then new counsel, Arent Fox LLP, adequate time to familiarize itself with the adversary proceeding and participate in mediation and settlement discussions, and, after the court later entered an order granting Arent Fox LLP's Motion to Withdraw as Plaintiff's Counsel, ECF 663, to allow Plaintiff additional time to find new counsel to further oppose the Motion. Since at the time of the status conference in this matter on May 11, 2016, Plaintiff had not retained new counsel, and Defendants opposed any further delay of a ruling on the Motion, the court took the Motion under submission. Having considered the moving and opposing papers, the exhibits and declarations attached therein, the parties' oral arguments, and the record before the court, the court rules as follows.

## DISCUSSION

The Motion alleges that subsequent to the filing of the Fourth Amended Complaint, ECF 112, which is the operative complaint in this adversary proceeding, FexChex transferred all of its assets and liabilities to FedChex Recovery, and based thereupon, now moves to substitute FedChex Recovery for FedChex in this adversary proceeding pursuant to Federal Rule of Civil Procedure 25(c), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7025.

Federal Rule of Civil Procedure 25(c) provides in pertinent part: "If an interest is transferred, the action may be continued by or against the original party unless the court,

on motion, orders the transferee to be substituted in the action or joined with the original party." As recognized by one commentary, the Rutter Group Practice Guide on Federal Civil Procedure Before Trial,

> If a party to a lawsuit assigns or otherwise transfers its interest during the course of the proceedings, a motion *may* be made to substitute the assignee. But this is not required. The action may be continued by or against the original party (assignor) and the resulting judgment is binding on the original party's successor in interest (assignee).
>
> The Rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit. But the Rule is procedural only. It does not determine whether the interest is transferable as a matter of law or what actions survive the transfer.
>
> The decision to grant or deny substitution on the basis of a transfer of interest rests in the court's discretion.

1 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶ 7:366 at 7-136 (2016) (citations omitted) (emphasis in original); *see also, Hilbrands v. Far East Trading Co., Inc.,* 509 F.2d 1321, 1323 (9th Cir. 1975) ("Rule 25, it is true, is procedural . . . ."). As recognized by another commentary, Wright, Miller & Kane on Federal Practice and Procedure, "If the transferor and the transferee are both already parties to the action, the court, again in its discretion, may dismiss the transferor from the suit. Since the matter is discretionary, the court also may refuse substitution if this seems the wisest course." 7C Wright, Miller & Kane, *Federal Practice and Procedure,* § 1958 at 702-703 (2007 and 2015 Supp.). Wright, Miller & Kane further stated:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.

*Id.* at 696-698, *citing inter alia, Hilbrands v. Far East Trading Co., Inc., supra* (footnotes omitted).

3

Based on the court's examination of the case law regarding Federal Rule of Civil Procedure 25(c), the rule is typically used to substitute transfer parties who were not parties to the proceeding when the suit was commenced into the proceeding. *See, e.g., Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 427 (1991); *ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc.*, 53 F.3d 186, 188 (8th Cir. 1995); *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350 (11th Cir. 1994). That is not the situation in this case, however.

Plaintiff's Fourth Amended Complaint, which was filed in this adversary proceeding on August 19, 2005 against the named Defendants, as well as against other defendants which were dismissed with prejudice on August 26, 2009, ECF 406, asserted all of its eight causes of action against all defendants, including both FedChex LLC and FedChex Recovery. ECF 112. Defendants in their Motion contend that, during the pendency of this adversary proceeding, FedChex LLC transferred all of its assets and liabilities to FedChex Recovery. Motion at 2; Declaration of Rod Davis at ¶ 4. Plaintiff in its opposition to the Motion contends that FedChex, LLC was terminated through a Certificate of Cancellation filed with the California Secretary of State during the pendency of this adversary proceeding on September 19, 2013. Opposition at 2; Ex. A.

Whether to grant or deny substitution under Federal Rule of Civil Procedure 25(c) rests in the court's discretion. *See, e.g., Dodd v. Pioche Mines Consolidated, Inc.*, 308 F.2d 673, 674 (9th Cir. 1962); *Sun-Maid Raisin Growers v. California Packing Corporation*, 273 F.2d 282, 284 (9th Cir. 1959). Federal Rule of Civil Procedure 25(c) "focuses on what was really going on in this case, and is designed to cope with that." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

Given that all causes of action in the operative complaint were also pleaded against FedChex Recovery, if the Motion was granted, the only effect would be procedural and would not apparently affect the liability of any successor of interest, i.e., FedChex Recovery for FedChex LLC. Because the court has not made, nor is the court

4

aware of, any judicial determination as to the validity of FedChex LLC's alleged dissolution, the court exercises its discretion and determines that it should not grant the motion to substitute FedChex Recovery for FedChex in this adversary proceeding, which would dismiss FedChex LLC from the adversary proceeding.  To grant the Motion might prejudice Plaintiff EFS's ability to collect on a future judgment in this adversary proceeding and given that Plaintiff's opposition argues that FedChex's termination was fraudulent and intended to thwart its recovery on any judgment in this adversary proceeding, the court believes that denial of the Motion is the wisest course of action and will not take any action which would alter the procedural status quo in this adversary proceeding.  As noted in *Virgo v. Riviera Beach Associates, Ltd.*, "[t]ransferring assets of a corporation that is engaged in litigation and its effect on the lawsuit is governed by state law." 30 F.3d at 1357-1358, *citing, Defense Supplies Corp. v. Lawrence Warehouse Co.,* 336 U.S. 631 (1949).  However, the issue of the effect of the transfer of assets of FedChex LLC to FedChex Recovery LLC under state law has not been discussed and analyzed by the parties in their briefing on the Motion, and the court hesitates to make a ruling that may potentially affect the result of litigating that issue under state law by granting the Motion to substitute parties.  Further, given that FedChex Recovery is already a defendant to all of the Fourth Amended Complaint's causes of action, the court observes that the requested substitution would not really provide procedural benefit in moving forward in the litigation of this adversary proceeding which is nearly at its

///
///

1 conclusion before this court now that the trial is completed. Accordingly, Defendants' Motion is denied.

IT IS SO ORDERED.

###

Date: May 24, 2016

Robert Kwan
United States Bankruptcy Judge