FILED & ENTERED

SEP 29 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:12-bk-16000-RK |
| BRENNON TY BISHOP and MICHELLE BISHOP, | Chapter 7 |
| Debtors. | Adv. No. 2:12-ap-01302-RK |
| ELECTRONIC FUNDS SOLUTIONS, LLC, as successor-in-interest to RICHARD A. MARSHACK, Chapter 7 Trustee, | **ORDER ADOPTING DECEMBER 8, 2014 TENTATIVE AMENDED MEMORANDUM DECISION AS FINAL RULING** |
| Plaintiff, | |
| v. | |
| FEDCHEX, LLC; FEDCHEX RECOVERY, LLC; ED ARNOLD; RODNEY DAVIS; FEDCHEX MERCHANT SERVICES; FEDCHEX/DS GROUP; YELLOW PAGES DIRECTORY SERVICES, LLC; YELLOW PAGES 2000, INC.; BSYB, INC.; NICHE DIRECTORIES, LLC; CONVERGENTDS, LLC; DIRECT VISION; DS MARKETING; YK2000; iEXCHANGE, | |
| Defendants. | |

Pending before the court is the stipulation and order requesting clarification

of the court's memorandum decision entered on June 6, 2014 ("Stipulation and Order Requesting Clarification"), ECF 540 and 542, and the Second Amended Motion for Clarification, Correction, and/or Supplement to June 6, 2014 Memorandum Decision and to Extend Time to Prepare Judgment Regarding Issues Raised in Pretrial Order Relating to Section 365 ("Second Amended Motion for Further Clarification"), ECF 578, filed by the remaining defendants in this adversary proceeding, FedChex, LLC, FedChex Recovery, LLC, Ed Arnold and Rodney Davis (collectively, "Defendants").

On September 9, 2014, Defendants filed their Motion for Clarification, Correction, and/or Supplement to June 6, 2014 Memorandum Decision and to Extend Time to Prepare Judgment Regarding Issues Raised in Pretrial Order Relating to Section 365. ECF 546. At the September 16, 2014 hearing on the Stipulation and Order Requesting Clarification, the parties indicated that the court should issue an amended memorandum decision to address the court's erroneous reliance on Trial Exhibit 602 not received into evidence. On September 29, 2014, Defendants filed their Amended Motion for Clarification, Correction, and/or Supplement to June 6, 2014 Memorandum Decision and to Extend Time to Prepare Judgment Regarding Issues Raised in Pretrial Order Relating to Section 365 ("Amended Motion for Clarification"). ECF 557.

Thereafter, on December 8, 2014, the court issued its Tentative Amended Memorandum Decision on Plaintiff's Fourth Amended Complaint to Avoid and Recover Intentional and Constructive Fraudulent Transfers and Post-Petition Transfers ("Tentative Amended Memorandum Decision"), ECF 576, as a tentative ruling because Defendants' Amended Motion for Clarification was continued for further argument and it was unclear what impact the Tentative Amended Memorandum Decision would have on Defendants' Amended Motion for Clarification.

On December 24, 2014, Defendants filed their Second Amended Motion for Clarification, Correction, and/or Supplement to June 6, 2014 Memorandum Decision and to Extend Time to Prepare Judgment Regarding Issues Raised in Pretrial Order

1  Relating to Section 365 ("Second Amended Motion for Clarification"), ECF 578, in order
2  to provide the court with the portions of the Pretrial Order that related to 11 U.S.C. § 365
3  and address whether the executory contracts were issues to be resolved during the trial
4  of this case.  Defendants had requested that "any decision [by the court] should
5  determine whether [Plaintiff] EFS is a Manager, Member, or subject to the terms of the
6  Operating Agreements." ECF 578 at 6.  To the extent that the court had not specified
7  the nature of Plaintiff's interests in the various Fedchex entities as a result of the court's
8  partial ruling in its favor on its avoidance claims, Plaintiff would have an economic
9  interest in those entities based on its claims to recover debtor's interests in those
10 entities unless Plaintiff can show that it should be admitted as a Manager or Member of
11 those entities under the Operating Agreements or applicable state law, which it has not
12 shown.  Defendants have not proven their defense under 11 U.S.C. § 365 to defeat
13 Plaintiff's avoidance claims partially sustained by the court in that they have not shown
14 that the Operating Agreements are "executory" as of the petition date to negate the
15 existence of debtor's membership interests as of the petition date, i.e., whether each
16 party to the contract, Operating Agreements has any unperformed obligation at the time
17 the bankruptcy case was filed, and whether both parties have unperformed obligations,
18 which would constitute a material breach excusing performance by the other party
19 under the contract. *In re Wegner,* 839 F.2d 533, 536 (9th Cir. 1988); *accord, In re*
20 *Qintex Entertainment, Inc.,* 950 F.2d 1492, 1495 (9th Cir. 1991); 3 March, Ahart and
21 Shapiro, *California Practice Guide: Bankruptcy*, ¶¶ 16:136 – 16:140 (2015).
22      Nonetheless, as stated by Defendants' counsel Louis H. Altman of Haberbush &
23 Associates, LLP at the May 11, 2016 status conference on the matters, the court's
24 Tentative Amended Memorandum Decision addressed the issues presented in
25 Defendant's Second Amended Motion for Clarification and accordingly, has rendered
26 Defendants' Second Amended Motion for Clarification moot.  Audio File of Status
27 Conferences, May 11, 2016, at 1:43 – 1:45 p.m.
28

1    Having considered the moving and opposing papers, the exhibits and declarations attached therein, the parties' oral arguments, and the record before the court, the court hereby adopts the December 8, 2014 Tentative Amended Memorandum Decision as its final ruling and is incorporated by reference herein.

The Tentative Amended Memorandum Decision as supplemented by this order constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. A separate judgment is being entered concurrently.

IT IS SO ORDERED.

###

Date: September 29, 2016

_____
Robert Kwan
United States Bankruptcy Judge