FILED & ENTERED

AUG 31 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: <br><br> BRENNON TY BISHOP and MICHELLE BISHOP, <br><br> Debtors. | Case No. 2:12-bk-16000-RK <br><br> Chapter 7 <br><br> Adv. No. 2:12-ap-01302-RK |
| ELECTRONIC FUNDS SOLUTIONS, LLC, as successor-in-interest to RICHARD A. MARSHACK, Chapter 7 Trustee, <br><br> Plaintiff, <br><br> vs. <br><br> FEDCHEX, LLC; FEDCHEX RECOVERY, LLC; ED ARNOLD; RODNEY DAVIS; FEDCHEX MERCHANT SERVICES; FEDCHEX/DS GROUP; YELLOW PAGES DIRECTORY SERVICES, LLC; YELLOW PAGES 2000, INC.; BSYB, INC.; NICHE DIRECTORIES, LLC; CONVERGENTDS, LLC; DIRECT VISION; DS MARKETING; YK2000; iEXCHANGE, <br><br> Defendants. | **MEMORANDUM DECISION ON DEFENDANTS' AMENDED MOTION FOR COSTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7068** |

Pending before the court is the amended motion of Defendants FedChex, LLC ("FedChex") and FedChex Recovery, LLC ("FedChex Recovery") (collectively,

1  "Defendants") for costs pursuant to Federal Rule of Bankruptcy Procedure 7068
2  ("Motion"). Electronic Case Filing Number ("ECF") 724, filed on December 16, 2016.
3  The court conducted an initial hearing on the Motion on January 10, 2017, and at the
4  hearing, Defendants requested leave to supplement the Motion, which was granted.
5  Defendants filed their supplement to the Motion on January 11, 2017, ECF 736, and the
6  court conducted a further hearing on the Motion on February 7, 2017.  Louis H. Altman,
7  of the law firm of Haberbush & Associates, LLP, represents Defendants.  Plaintiff
8  Electronic Funds Solutions ("Plaintiff") did not file any opposition to the Motion, nor did it
9  appear at any of the hearings on the Motion.  After the hearing on February 7, 2017, the
10 court took the Motion under submission.
11      Having considered the Motion, the exhibits and declarations attached therein, the
12 supplement to the Motion, and the record before the court, the court denies the Motion as
13 discussed below.

**DISCUSSION**

15      By the Motion, Defendants request that the court award Defendants costs of
16 $30,372.87 and attorneys' fees of $275,510.00 against Plaintiff pursuant to Federal Rule
17 of Bankruptcy Procedure 7068 and Federal Rule of Civil Procedure 68(d) on grounds that
18 before trial in this adversary proceeding, Plaintiff rejected an offer of judgment from
19 Defendants to allow entry of judgment pursuant to Federal Rule of Civil Procedure 68(a)
20 and to pay a lump sum of $140,000.00 to Plaintiff, which was more than the judgment
21 awarded to Plaintiff after trial.  Federal Rule of Bankruptcy Procedure 7068 makes
22 Federal Rule of Civil Procedure 68 applicable to this adversary proceeding.
23      Federal Rule of Civil Procedure 68(a) states: "At least 14 days before the date set
24 for trial, a party defending against a claim may serve on an opposing party an offer to
25 allow judgment on specified terms, with the costs then accrued."  If the opposing party
26 does not accept the defending party's offer, Federal Rule of Civil Procedure 68(d) states:
27 "If the judgment that the offeree finally obtains is not more favorable than the unaccepted
28

offer, the offeree must pay the costs incurred after the offer was made." Attached to the Motion is a copy of the offer of judgment that Defendants served on Plaintiff on January 31, 2008, which provided for judgment in favor of Plaintiff with Defendants to pay a lump sum of $140,000.00. Motion, Exhibit 1.

On September 29, 2016, after trial, the court entered judgment in favor of Plaintiff in part, which provided that "Plaintiff shall recover for the benefit of the Bishop Estate a 9.12% ownership interest in FEDChex, LLC and a 2.64% ownership interest in FEDChex Recovery, LLC." ECF 648. Because Defendants' Motion requires proof that Defendants' pretrial offer exceeded the amount awarded to Plaintiff through the court's judgment, and given that the court's judgment did not calculate a specific dollar amount but awarded Plaintiff a percentage of ownership in Defendants' limited liability companies, the Motion necessarily required proof that as of the petition date of November 19, 2002, the sum of a 9.12% interest in FEDChex, LLC and 2.64% interest in FEDChex Recovery, LLC does not equal or exceed $140,000.00.

In support of its contention that the sum of a 9.12% ownership interest in FEDChex, LLC and 2.64% ownership interest in FEDChex Recovery, LLC as of the November 19, 2002 is less than $140,000.00, Defendants submitted the following evidence: the declaration of Mr. Rodney Davis, a member and manager of both Defendants, who states that as of November of 2002, a 9.12% ownership interest in FEDChex, LLC was worth less than $60,000.00 and a 2.64% ownership interest in FEDChex Recovery, LLC was worth less than $20,000.00; copies of "profit and loss spreadsheets" for both Defendants for 2001-2003; and copies of the first pages of both Defendants' tax returns for 2001-2003. Based on its review of this evidence, the court determines that Defendants have not made the requisite *prima facie* evidentiary showing that the sum of a 9.12% interest in FEDChex, LLC and 2.64% interest in FEDChex Recovery, LLC as of the November 19, 2002 does not equal or exceed $140,000.00.

Mr. Davis in his declaration opined that the value of a 9.12% interest in FEDChex, LLC and 2.64% interest in FEDChex Recovery, LLC as of November 19, 2002 does not equal or exceed $140,000.00 based on the following: (1) that Mr. Davis reviewed a "Summary Financial Analysis and Business Valuation," prepared November 17, 2006; (2) that Mr. Davis has been familiar with the income, expenses and values of interest in each of Defendants since their inception; that from September of 2001 through the end of 2002, on a monthly basis, he reviewed Defendants' cash flow spreadsheets, bank statements, and income and expense reports ("Reports"); and that he and other employees prepared the Reports. Whether as opinion testimony under Federal Rule of Evidence 701 or 702, the court finds that Mr. Davis's valuation opinion lacks credibility since there is insufficient foundation for his valuation of this interest because it appears to be based on Mr. Davis's recollection of financial information from over ten years ago when the Summary Financial Analysis and Business Valuation was prepared and is not supported by any credible corroborating evidence such as copies of the Summary Financial Analysis and Business Valuation and the Reports, let alone any credible financial data. Arguably, Mr. Davis's testimony as a member of the LLC is admissible as an owner of business as to the value of the business under Federal Rule of Evidence 701, *see* 2 Russell, *Bankruptcy Evidence Manual,* § 701:2 at 834-835 (2016-2017), *citing inter alia, South Central Livestock Dealers, Inc. v. Security State Bank of Hedley, Tex.,* 614 F.2d 1056, 1061-1062 (5th Cir. 1980), but the court discounts his testimony because he is a self-interested and biased witness since he stands to gain the most financially since he is the majority and managing member of Defendants. Further, Mr. Davis's valuation opinion is not supported by any information regarding the circumstances surrounding when Mr. Davis last reviewed the Summary Financial Analysis and Business Valuation and Reports, any information regarding Defendants' accounting systems, and what relevant data such valuations and documents are based upon. *See* Federal Rule of Evidence 702(b) and (c) (allowing expert witness to testify in the form of an opinion if the

4

testimony is based on sufficient facts or data and the testimony is the product of reliable principles and methods).  Accordingly, the court finds Mr. Davis's valuation opinion not to be credible and not entitled to much, if any, weight.

Regarding the copies of "profit and loss spreadsheets," attached as Exhibit A to the Motion, the court does not give any weight to such because they merely state conclusory values for Defendants during 2001-2003 with no financial data supporting how the values were calculated.  Accordingly, the court finds this evidence not to be credible.

Regarding the copies of the first pages of both Defendants' tax returns for 2001-2003, attached as Exhibit B to the Motion, the tax returns do not prove Defendants' value as of November 19, 2002.  The copies of the first pages of the tax returns are unsigned, there is no evidence that these returns were filed, and while the copies of the first pages of the tax returns show negative income for the respective years, such negative income is separate from and does not establish the Defendants' value during those years.  Accordingly, the court finds this evidence not to be credible.

Moreover, although the court granted leave to Defendants to file a supplement to the Motion so that Defendants could submit additional evidence in support of their allegations, Defendants' supplement to the Motion did not contain any evidence.  ECF 736.  Although not entirely clear to the court, the supplement to the Motion argues that, as of the petition date of November 19, 2002, the sum of a 9.12% interest in FEDChex, LLC and 2.64% interest in FEDChex Recovery, LLC does not equal or exceed $140,000.00 because of a provision in the operating agreements of FEDChex, LLC and FEDChex Recovery, LLC, which was not attached to the Motion or supplement, and which allegedly provides for a specific liquidation value in the event of a "Dissolution Event," and if when applied to the above percentages, would necessitate a recover of less than $140,000.  It is not clear to the court from the supplement what the liquidation value is, nor why it would apply to the sum of a 9.12% interest in FEDChex, LLC and 2.64% interest in FEDChex Recovery, LLC because the court's judgment does per se

qualify as a "Dissolution Event," nor does the judgment qualify the above percentages as percentages of the liquidation value.

Therefore, based upon the lack of credible valuation evidence, the court determines that Defendants have not made the requisite *prima facie* evidentiary showing that the sum of a 9.12% interest in FEDChex, LLC and 2.64% interest in FEDChex Recovery, LLC as of the November 19, 2002 does not equal or exceed $140,000.00.

Notwithstanding the previously discussed evidentiary problems, even if the court determined that the sum of a 9.12% interest in FEDChex, LLC and 2.64% interest in FEDChex Recovery, LLC as of the November 19, 2002 does not equal or exceed $140,000.00, the court would determine that Defendants' attorneys' fees should not be included in Defendants' post-rejection costs.  "[A]ttorney fees are not Rule 68 'costs' unless so defined by statute or contract.  Generally, under the 'American rule' applicable in most civil litigation, each side is responsible for its own attorney fees."  3 O'Connell and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶ 15:155 at 15-76 (2017), *citing*, *In re Water Valley Finishing, Inc.*, 139 F.3d 325, 328 (2nd Cir. 1998).  Defendants argue that their Federal Rule of Bankruptcy Procedure 68 costs should include their post-offer attorneys' fees because Plaintiff is a successor-in-interest of a chose-in-action to the Chapter 7 Trustee.  The court disagrees with Defendants on this point.  While Plaintiff purchased the rights to bring the litigation claims that were brought in this adversary proceeding, 2:12-bk-16000-RK, ECF 244, this does not mean that Plaintiff was subject to Defendants' operating agreement and any contractual liability for attorneys' fees as litigation costs.  In the Motion, Defendants have not provided the court with any evidence demonstrating that Plaintiff was a signatory to the operating agreements with Defendants or that Plaintiff was otherwise subject to the pertinent attorneys' fee provisions in the operating agreements, or a copy of the pertinent operating agreements.  Accordingly, even if the court determined that the sum of a 9.12% ownership interest in FEDChex, LLC and 2.64% ownership interest in FEDChex

Recovery, LLC as of the petition date of November 19, 2002 does not equal or exceed $140,000.00, the court would determine that Defendants' attorneys' fees should not be included in Defendants' post-rejection costs.

For the foregoing reasons, the court should deny the Motion. A separate order denying the Motion is being entered concurrently herewith.

IT IS SO ORDERED.

###

Date: August 31, 2017

_____
Robert Kwan
United States Bankruptcy Judge